Ni v. Barr

BIA
Christensen, IJ
A206 583 038

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

FANG NI,
> *Petitioner,*

v.                                                      18-473
                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Louis H. Klein, The Kasen Law
                           Firm, Flushing, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Sabatino F. Leo,
                           Senior Litigation Counsel; Vanessa
                           M. Otero, Trial Attorney, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fang Ni, a native and citizen of the People's Republic of China, seeks review of a February 5, 2018, decision of the BIA affirming a May 15, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Ni*, No. A206 583 038 (B.I.A. Feb. 5, 2018), *aff'g* No. A206 583 038 (Immig. Ct. N.Y. City May 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

2

the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Ni was not credible as to her claim that Chinese family planning officials had forced her to terminate pregnancies in 1992 and 1995.

The agency reasonably relied in part on Ni's demeanor, noting that her answers were not responsive and that she began shifting her answers when confronted with implausible or inconsistent aspects of her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). The agency also reasonably relied on Ni's inconsistent statements

3

regarding whether her friend informed her that officials had discovered the 1995 pregnancy, whether she and her family remained in contact with that friend, and how she injured her arm when officials allegedly took her to have an abortion in 1995. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Nor did the agency err in relying on the omission of Ni's 1995 abortion from her friend's corroborating statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). Ni did not compelling explain any of these record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Ni's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency

4

reasonably questioned the reliability of medical certificates as evidence that Ni had undergone two forced abortions because only one of the certificates stated that Ni had received an abortion while the other stated that she had given birth to a male baby via cesarean section. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency also reasonably declined to credit written statements from Ni's friends because, as discussed above, Wang failed to mention Ni's alleged 1995 abortion, and neither author was available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C.

5

§ 1158(b)(1)(B)(iii).  That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>